IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


DOROTHY ROGERS,                          :

       Plaintiff,                      :     Case No. 3:07cv062

 vs.                                      :     JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,   :

       Defendant.                      :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #12) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

      Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.  On October 24, 2007, the United States Magistrate Judge filed a Report and Recommendations (Doc. #11), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed.  Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and

Recommendations (Doc. #11) and in the Defendant's Response to the Plaintiff's Objections to that judicial filing (Doc. #13), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #12) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is affirmed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.

1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.    The process employed in the two hearings before the Administrative Law Judge were, to put it mildly, somewhat bizarre, in that, in the first hearing there was a Vocational Expert present, without a Medical Adviser, whereas in the second

such, there was a Medical Adviser, but no Vocational Expert. Moreover, between the first and second hearings there was an additional Psychological Consultive Examination by Dr. Alan Boerger, not previously (or at any time) addressed by the Vocational Expert. While the Medical Adviser, a Mary Eileen Buban, testified at the Supplemental Hearing, the additional finding and restrictions found by Dr. Boerger, in his between-hearing Psychological Consultive Examination, were not put before a Vocational Expert, who was absent at the second or supplemental hearing.

2. Yet, the Administrative Law Judge specifically noted that his findings as to Plaintiff's mental functioning restrictions, residual functioning restrictions, were based on both Dr. Boerger's finding of moderate impairments in his reports of the two examinations performed on Plaintiff as well as upon Medical Adviser Buban's testimony at the Supplemental Hearing. That fact, plus the fact that, while a hypothetical question must accurately portray the claimant's physical and mental impairments, if the hypothetical question, as phrased, has support in the record, it need not reflect the complaints of the Plaintiff that are not otherwise substantiated. A hypothetical question need only include those limitations accepted as credible by the Administrative Law Judge. A Vocational Expert's response to a hypothetical question that accurately portrays an individual's impairments, constitutes substantial evidence for determining whether a disability exists. Citations omitted.

3. While it is difficult to discern the reasoning behind the procedures employed at the two hearings before the Administrative Law Judge, the far more

plausible reason is that the Administrative Law Judge, having secured the additional Psychological Consultive Examination from Dr. Boerger, concluded that the limitations contained therein, which he, the Administrative Law Judge felt were supported by the evidence, had, in fact, been incorporated in his hypothetical question to the Vocational Expert at the first hearing and, therefore, he saw no reason to repeat same to such an Expert at a Supplemental Hearing.  To remand this matter to the Administrative Law Judge, at this point, one would have to assume that limitations previously submitted to a Vocational Expert, submitted to such an expert at the second hearing, would have produced a different result.  Such is rank speculation, and unsupported by substantial evidence.

  WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #11) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence.  Plaintiff's Objections to said judicial filing (Doc. #12), are overruled.  Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, accordingly, not entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

 March 3, 2008                                    /s/ Walter Herbert Rice
                                                   WALTER HERBERT RICE, JUDGE
                                                   UNITED STATES DISTRICT COURT

Copies to:

James R. Livingston, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.